## Heidi POTTER v. Jeffrey E. POTTER

[742 A.2d 740]

No. 98-442

October 6, 1999. This case presents a single question on appeal: whether husband's continuing mortgage payment, as required by the final order of divorce, should be classified as maintenance or as property settlement for purposes of modification. The family court determined that a real and unanticipated change of circumstances warranted modification of husband's spousal support, but concluded that the mortgage obligation was a property settlement and therefore not subject to modification. Husband appeals. We agree with this analysis and affirm.

Heidi and Jeffrey Potter had been married for approximately ten and a half years at the time of their divorce in 1997. Jeffrey Potter holds a civil engineering degree and had an average annual salary of $37,000 at the time of the divorce hearing in December 1996. Heidi Potter is employed as a secretary at an elementary school with an annual salary of $11,400 at the time of the divorce hearing. The Potters have two minor sons.

The Potters own a home valued at $121,000, and the lower court found the marital equity was $56,000. The court awarded the house to Heidi Potter during the minority of the couple's sons. The court ordered that the parties pay the mortgage in alternating months, making monthly payments of $523. The house was not to be sold until 2006, when the younger son reached the age of eighteen. The court awarded one-half of the equity in the marital residence to Jeffrey and specified a rate of interest for the mortgage payments made by him.

After making these determinations, the court turned to Heidi's request for maintenance in the amount of $500 per month. The court recognized that Heidi could not

maintain the lifestyle the parties had enjoyed during their marriage based on her income alone but concluded "[she] has a duty to enhance her income." The court awarded only $250 per month maintenance.

In January 1998, Jeffrey was laid off by his employer. He moved to amend the order of maintenance and to modify child support. The court found that he had undergone a real, substantial and unanticipated change of circumstances and ordered the amount of spousal support to be reduced. The court denied Jeffrey's motion to modify his obligation to pay half of the mortgage on the marital residence because it found that the obligation was not maintenance and therefore was not subject to modification.

The family court's decision is supported by our decision in *Boisselle v. Boisselle*, 162 Vt. 240, 648 A.2d 388 (1994). There, the lower court awarded the plaintiff-wife exclusive use and possession of the family home and required that the home by sold when the child reached age eighteen. Further, the court required the proceeds be split equally by the parties and required the parties share certain maintenance costs. See *id.* at 241-42, 648 A.2d at 388. On appeal, we refused to characterize the provisions for dividing the value of the marital home as child support or maintenance. We relied on several reasons, including the fact that the parties and the court did not consider the award of the home to be maintenance. See *id.* at 246, 648 A.2d at 391. As outlined above, the trial court in this case dealt with property and maintenance as separate issues, at different points in the proceeding, suggesting that it considered the award of the home separate from the issue of maintenance. The second factor we considered in *Boisselle* was that the award of the home was specifically limited to the period of minority of the child of the marriage. See *id.* The order at issue here employs the identical device.

Jeffrey's equity interest in the marital residence was the basis for imposing the mortgage obligation in the divorce proceeding. It is reasonable to employ this method of preserving the status quo of the marital residence and protecting the marital asset until it can be sold. In this context the mortgage payment is no different from an installment payment as a means of property division. Installment payments have long been employed in Vermont. See, e.g., *Kanaan v. Kanaan*, 163 Vt. 402, 659 A.2d 128 (1995).

It is well-established in Vermont law that a court cannot modify a property disposition in the absence of circumstances like fraud and coercion, which would warrant relief from a judgment generally. See, e.g., *Viskup v. Viskup*, 149 Vt. 89, 90, 539 A.2d 554, 555-56 (1987). As we stated in *Clifford v. Clifford*, 133 Vt. 341, 344-45, 340 A.2d 60, 62 (1975), "adjustment of property rights accomplished by transfer of property and payment of money over a long period" may not be modified except on grounds for modifying an ordinary judgment.

Therefore, we decline to characterize the mortgage payments as maintenance and affirm the family court's holding that they are part of the property settlement.

*Affirmed.*