*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-379

OCTOBER TERM, 2013

| | | |
|---|---|---|
| Emmanuel Riby-Williams | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Family Division |
| | } | |
| Mary Riby-Williams | } | DOCKET NO. F83-3-11 Wndm |

Trial Judge: Howard E. Van Benthuysen

In the above-entitled cause, the Clerk will enter:

Husband appeals the superior court's final divorce order, arguing that the court abused its discretion by awarding wife all of the equity in the marital home—the principal marital asset—and by ordering him to pay half of the monthly mortgage for a period of up to one year until wife refinanced it. We reverse the court's order, and remand the matter for further consideration.

The parties were married in Ghana in 1999. In 2001, husband came to the United States, obtained a work visa, and six months later brought wife and their daughter over to join him. The parties had two more children together. For the first five years, wife stayed at home with the children while husband worked to get his teaching credentials. Wife began working full-time in 2006, and in 2007 the parties purchased the marital home. The parties separated in March 2011. After the separation, husband rented a three-bedroom apartment, while wife and the children remained in the marital home. At the time of the final divorce hearing, husband was earning $37,000 as a teacher, and wife was earning $34,600 working for Central Vermont Hospital.

At the final divorce hearing held over two days in May and August 2012, the parties represented themselves, but the children had an attorney and a guardian ad litem. The principal dispute at the hearing concerned parental rights and responsibilities. Neither party requested maintenance and there were only minor disagreements over property issues. The parties had no savings. Neither party submitted evidence regarding pension benefits. The marital home was the parties' principal asset. The court accepted husband's testimony that it had a fair market value of $167,000. There was an outstanding mortgage of $142,000, with monthly payments of $1167. Wife had been paying the mortgage, property taxes, and home insurance on the marital residence since the parties' separation in March 2011. Wife asked the court to require husband to contribute retroactively to those payments and to continue to share equally in those costs until their youngest child, who was seven years old at the time the final divorce order issued, reached the age of majority. During the parties' separation, husband paid wife child support, which, at the time of the final divorce hearing, was $274 per month.

On August 29, 2012, the superior court filed its final divorce order awarding wife primary legal and physical rights and responsibilities, giving husband significant parent-child contact

(amounting to fifty percent of the time), awarding wife the marital home free and clear of any interest by husband, requiring wife to refinance the home and remove husband's name from the title within one year of the date of the court's order, and requiring husband, "in lieu of" a maintenance award, to pay half of the monthly mortgage payments pending wife's refinancing of the property.

In making its award concerning the marital home, the superior court found that: (1) in the sixteen months since the parties' separation, wife had paid $18,672 toward the mortgage ($1167 each month) and had made at least one property tax payment of $2684, for a total of $21,356; (2) there would have been no equity in the marital home if wife had not paid those expenses because "it would be in or approaching foreclosure"; and (3) the $25,000 of estimated equity in the home is "just a little more" than what wife paid over the previous sixteen months to preserve the home. In short, the court reasoned that wife was entitled to all of the equity in the marital home because she alone had made the home payments to preserve what little equity there was.

Both parties are represented by attorneys on appeal. Husband argues that: (1) the court inequitably divided the marital property by awarding wife, who was earning nearly as much money as him, all of the equity in the marital home, which was the parties' only real asset, and by requiring him to pay one-half of the monthly mortgage for up to one year until wife refinanced it; (2) in making its property award, the court erred by finding that during the separation period, wife had made, in addition to the monthly mortgage payments, a property tax payment of $2684; and (3) the court abused its discretion by awarding wife de facto maintenance—in the form of the prospective monthly maintenance payments that husband was required to contribute to wife—without considering the relevant statutory criteria for awarding maintenance. Wife responds that the court's findings support its decision to award wife all of the equity in the marital home, that any mathematical errors by the court were de minimus, and that the court did not need to consider the maintenance factors in 15 V.S.A. § 752 because the court's requirement that husband pay wife half of the monthly mortgage for up to one year was a property award in lieu of maintenance rather than a maintenance award.

Husband first argues that the court abused its discretion by inequitably dividing the marital property, given that the parties' had similar incomes, husband was paying wife child support, and he was paying $900 per month for a three-bedroom apartment to accommodate the parties' children, with whom he and wife shared equal time during the months preceding the final divorce hearing. We agree that the court abused its discretion in awarding wife 100% of the marital assets, modest though they are, based solely on the reasoning that wife paid the home expenses during the sixteen-month period between the parties' separation and their divorce. Wife paid $1167 per month to cover the mortgage, property taxes, and home insurance, but she had exclusive possession of the marital home. Moreover, husband presented evidence indicating that he paid $900 in rent and that he also paid between $273 and $900 in monthly child support under various orders. The parties' incomes were very similar and the court did not indicate that husband had a greater earning power or cite any other statutory factor to support giving wife all of the marital assets. Finally, there was no evidence, and it was highly unlikely, that a substantial portion of the equity in the home, which the parties had purchased in 2007, accrued during the sixteen-month separation period. Thus, awarding wife all of the equity in the home, which represented the entire marital estate apart from personal property, cannot be sustained on the sole basis provided by the superior court. See Dreves v. Dreves, 160 Vt. 330, 333-35 (1993) (concluding that trial court's limited explanation did not support awarding wife only one-eighth of marital estate).

2

Husband also points out that the court erroneously attributed to wife the payment of at least one property tax payment of $2684 even though there was no evidence that she actually paid that amount in addition to the monthly mortgage payments, which included escrow payments for property taxes and insurance. Rather than dispute this fact, wife characterizes the $2684 as de minimus and contends that husband should have sought a correction under Vermont Rule of Civil Procedure 60(a). Given the modest amount of marital assets, we cannot agree that the amount was de minimus. In reconsidering the property division on remand, the court should determine whether in fact wife made the additional $2684 payment that it attributed to her.

Finally, husband argues that ordering him to pay half of the mortgage each month for up to one year until wife refinanced it amounted to a de facto maintenance award that required the court to examine the criteria set forth in 15 V.S.A. § 752. On a number of occasions in the context of modification proceedings we have concluded that prospective court-ordered payments, including payments concerning the marital home, were part of the property award rather than maintenance. See Potter v. Potter, 170 Vt. 540, 541 (1999) (mem.) (concluding that ordering parties to pay mortgage in alternate months until youngest child reached age of majority was property award not subject to modification); Viscup v. Viscup, 149 Vt. 89, 90-91 (1987) (concluding that order requiring husband to pay wife $74,350 in three monthly installments was property award not subject to modification); Robinson v. Robinson, 130 Vt. 558, 560-61 (1972) (concluding that ordering wife, who was awarded marital home free of any interest of husband, to pay husband $4300 within one month of final divorce order was property award not subject to modification, even as to timing of payment). Those cases involved situations where the payments were tied to the paying spouse's property award of equity in the marital home. See Potter, 170 Vt. at 541 (stating that husband's "equity interest in the marital residence was the basis for imposing the mortgage obligation in the divorce proceeding.").

Here, however, the court expressly stated that husband "shall pay one-half of the mortgage payments to [wife] in lieu of alimony, which [wife] specifically disclaimed interest in." The court also stated that "[n]either party is requesting alimony or maintenance and none is awarded." In short, the court awarded wife the prospective mortgage payments as additional property in lieu of maintenance, even though wife never requested maintenance and in fact expressly disclaimed it, testifying at one point that she was able to meet her family's needs "abundantly" from a combination of child support and her own income. We conclude that the superior court abused its discretion by making a property award in lieu of maintenance when wife expressly disclaimed any interest in maintenance and the court failed to make any findings or conclusions in support of the award. See Lalumiere v. Lalumiere, 149 Vt. 469, 472 ("Since there was no indication that defendant sought an award of maintenance, and plaintiff was given no notice or opportunity to be heard on the issue, we hold that the trial court abused its discretion by awarding maintenance in this case.").

The superior court's August 29, 2012 order is reversed, and the matter is remanded for the court to reconsider its division of the marital property in light of this entry order.

3

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice