*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2011-334, 2012-404 & 2013-159

NOVEMBER TERM, 2013

| | | |
|---|---|---|
| Jennifer Brooks | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| William Brooks | } | DOCKET NO. 173-4-09 Wrdm |

Trial Judge: William D. Cohen

In the above-entitled causes, the Clerk will enter:

Regarding Docket Nos. 2011-334 and 2012-404, husband and wife appeal the original and amended divorce orders of the superior court, family division, both of which concern an equitable distribution of the parties' marital property. Regarding Docket No. 2013-159, husband appeals the superior court's order finding him in contempt for not complying with earlier court orders. We conclude that husband never filed a timely motion to amend the original final divorce order. Accordingly, we vacate the amended final divorce order and reinstate the original order. In light of our resolution of the divorce orders, husband's appeal of the contempt order is mostly moot, as explained below. To the extent that his appeal of that order is not moot, the order required husband only to reimburse wife for payments that the superior court had the authority to impose on husband. Accordingly, on remand, the court may offset those past-due payments against wife's required "equalizing payment" under the original final divorce order.

The parties married in July 2006 and separated in April 2009. No children resulted from the marriage. Both parties were teachers at the same school before and during their marriage. After the parties married, they moved into the home owned by husband before the marriage. Husband also owned a small herd of cattle and an adjoining one-acre lot with a mobile home that he had purchased shortly before the marriage. During the marriage, wife obtained proceeds from the sale of a house in Maine, which she used to fund the parties' attempts at in vitro fertilization. During the course of the marriage, wife's good credit allowed the parties to refinance the marital home and improve the one-acre lot. The cattle operation grew considerably during the marriage.

The sole issue at the divorce hearing was the equitable distribution of the parties' marital property. On September 15, 2011, following a two-day hearing, the trial court awarded husband the marital home and cattle operation, and wife the one-acre lot and mobile home. In making this award, the court reasoned that the parties had no liquid assets and husband did not have enough credit to pay wife her equitable share of the estate without awarding her one of the two real properties. To equalize the property division, the court required wife to pay husband $15,000 as soon as he removed her from the mortgage on the marital home. The parties did not seek, and the court did not award, spousal maintenance. On September 19, 2011, the Monday following the trial court's issuance of its final divorce order on September 15th, husband filed for

bankruptcy. Later that same day, he filed a motion for voluntary dismissal, and the bankruptcy action was dismissed on September 23, 2011. Meanwhile, husband filed a notice of appeal on September 20, 2011 from the trial court's final divorce order.

At this point, what should have been a simple, straightforward divorce proceeding involving a short-term marriage and limited marital property for distribution devolved into a complex procedural morass, with the parties filing nearly one hundred motions. On October 4, 2011, husband filed a motion to void the final order's property settlement. Meanwhile, due to an error in the trial court docket entries, this Court mistakenly dismissed husband's appeal as premature on October 11, 2011. On October 13, 2011, husband filed a motion asking the trial court to reconsider its divorce judgment. On October 25, 2011, this Court reinstated the appeal after becoming aware of the erroneous docket entry. On November 28, 2011, this Court granted husband's motion to remand the matter to the trial court to resolve pending motions.

On May 31, 2012, the trial court issued an order addressing various motions and amending its September 15, 2011 order. The court explained its intent to divide equally between the parties the appreciation of marital assets and debts during the parties' brief marriage. The court further explained that its decision was complicated by the tension between father's apparent lack of good credit and its desire to return marital property to the original owner. The court opined that it had made several mistakes in valuing the real property in its original final order, most notably by attributing a 100% common level of appraisal (CLA) to the assessed value of the property based on husband's testimony rather than the 80% indicated on the tax bills later submitted by wife. Based on its revised valuations, the court created a table indicating that husband came into the marriage with property valued at $133,000 and wife came into the marriage with property valued at $20,000. The court's table further indicated that at the time of the final divorce hearing, husband had property valued at $152,700 and wife was $30,000 in debt.

Accordingly, the court concluded that the best solution was to amend its final order by awarding the one-acre lot and mobile home to husband subject to the requirement that he pay wife $35,000 within one year, with interest accruing. The court further ordered husband to pay wife one-half ($325) of the monthly rent obtained from the mobile home until he satisfied the judgment by making the $35,000 payment to wife. The court explained that the purpose of requiring husband to pay wife half of the mobile-home rent until he paid wife the "equalizing payment" was to encourage him to make the payment promptly and to compensate wife for interest accruing on a credit card debt that she could not pay until she received the equalizing payment. The court further ordered that the one-acre lot and, if necessary, the marital home would have to be sold if the equalizing payment was not made in one year. Finally, the court ordered husband to continue to pay plaintiff's health-insurance costs until such time as he satisfied the judgment by paying wife the entire equalizing payment. After dealing with the parties' continuing motions, the court issued an amended final divorce order on September 4, 2012 incorporating these provisions. In short, the gist of the amended order was that husband rather than wife would be awarded the one-acre lot with mobile home and would be responsible for paying wife $35,000 within one year of the judgment. Wife appealed that decision.

This Court resumed jurisdiction over the appeal in a September 10, 2012 entry order but on October 9, 2012 granted wife's motion to remand the matter a second time for the trial court to consider her motion to alter or amend the judgment. On February 27, 2013, the trial court denied wife's motion to amend the amended final divorce order in a motion-reaction form, but

stated that wife "is entitled to have a priority mortgage on the second lot providing her with adequate security for payment of [husband's] obligation, including interest. This is to be a priority lien and cost of mortgage preparation and recording fees to be paid by [husband]." On March 25, 2013, this Court issued an entry order stating that the trial court no longer had jurisdiction over motions seeking to alter, amend or reconsider the divorce order.

On April 15, 2013, the trial court issued a decision on wife's pending motions for enforcement and contempt. In that decision, the court noted that when it amended its final divorce order to give husband the one-acre lot subject to the equalizing payment, it was unaware that husband had filed for bankruptcy the Monday after it had issued its original final divorce order and that husband had filed for bankruptcy on several previous occasions when the bankruptcy appeared to be timed to forestall enforcement actions. The court stated that if had known that, it would not have awarded him the one-acre lot, considering the risk that wife would not be able to obtain the equalizing payment from husband. Noting husband's refusal to comply with the court's orders seeking to secure the equalizing payment, the court stated that the proceedings had demonstrated that the amended order was unenforceable. The court expressed its opinion that, in hindsight, "it would have been much better to leave well enough alone, and to conclude that the first order was a fair reflection of the evidence presented at trial, and a fair and equitable distribution of the marital property." The court concluded that it no longer had the authority to amend the order, which was on appeal, but that if it could, it would reinstate the final order of September 15, 2011. In an effort to give wife some security for her share of the marital property, the court authorized wife to obtain a writ of attachment in the amount of $35,000 plus the interest that had accrued since the time of the amended order. The court further enjoined husband from selling or encumbering the one-acre lot, and ordered husband to pay costs and reasonable attorney's fees incurred by plaintiff in serving and filing the writ of attachment. Finally, the court found husband in contempt for not obeying orders requiring him to execute a mortgage in favor of wife and to pay wife's health insurance premiums and half of the rental income from the one-acre lot.

On April 30, 2013, this Court denied wife's motion to remand the matter for the trial court to consider her motion for relief from judgment under Vermont Rule of Civil Procedure 60(b), stating that a remand would only further delay an appeal that had been pending for a year and a half and that, in any case, the trial court retained jurisdiction to consider Rule 60(b) motions. Wife then filed a Rule 60(b) motion with the trial court, which denied it, stating that the case needed to move forward on appeal.

Finally on appeal, both husband and wife raise multiple claims of error. Husband argues that: (1) the evidence does not support the values listed in the trial court's table of the parties' assets and debts; (2) the property values attributed by the court were outdated both with respect to the beginning and the end of the marriage; (3) the court abused its discretion in using the 2006 rather than 2007 property tax bill; (4) the court did not have the authority to require him to continue to pay wife's health insurance premium and give her half of the rental income from the one-acre lot that was awarded to him in the amended order; (5) the court did not have the authority to require him to provide wife with a mortgage on the one-acre lot; (6) the court abused its discretion and failed to follow the rules of procedure in granting wife's motions for contempt; and (7) the court did not have the authority to grant wife's motion to stay the removal of her name from the property awarded to husband. In a separate appeal consolidated for decision here, husband reiterates his arguments against the court's contempt order and adds that the elements of

3

contempt were not satisfied and that the court's findings and conclusions do not support the contempt order.

For her part, wife argues that: (1) the trial court abused its discretion by considering husband's untimely motion to alter or amend the original final divorce order; (2) defendant's appeal is void because of the automatic stay resulting from his filing for bankruptcy the day before he filed his initial notice of appeal; (3) the court abused its discretion by arbitrarily applying the CLA to arrive at real property valuations; (4) the court abused its discretion by not upholding the parties' stipulation regarding the CLA; (5) the court's comparative valuation of the real property before and after the marriage was inconsistent, constituting an abuse of discretion; (6) the court abused its discretion by not valuing the real property as of the date of separation, per the parties' stipulation; (7) the court withheld its discretion in denying her Rule 60(b) motion; and (8) the court abused its discretion in recanting its ruling on one of her previous motions.

As an initial matter, we first address wife's procedural arguments, including that: (1) we must vacate the amended final divorce order because husband did not file a timely motion to amend that judgment; (2) husband's appeal of the original final divorce order is void because the automatic stay from his bankruptcy petition precluded him from filing his notice of appeal; and (3) his appeal is further barred by equity, the clean hands doctrine, and equitable estoppel. Regarding the first of these procedural arguments, wife argues the amended final divorce order must be vacated because husband's motion to amend the original order was not timely filed under Vermont Rule of Civil Procedure 59(e), as applied to divorce proceedings by V.R.F.P. 4(a)(1), which would have tolled the appeal period and permitted an appeal of any subsequent order. We agree.

As set forth above, on September 20, 2011, husband elected to file a notice of appeal, five days after the trial court issued its September 15 original final divorce order. We mistakenly dismissed husband's notice of appeal on October 11, but reinstated it two weeks later. Because husband's October 13 motion for reconsideration was not filed within ten days of the date of the original divorce order, it did not toll the appeal period for not only that order but also for any future amended divorce order. See V.R.A.P. 4(b) (stating that running of appeal is terminated by "timely" motion under rules enumerated therein, including V.R.C.P. 59, and that full time for appeal is computed from entry of order made upon such timely motion); V.R.C.P. 59(b), (d) (stating that Rule 59 motions are timely only if filed no later than ten days after entry of judgment); see also Lizardo v. United States, 619 F.3d 273, 278 (3d Cir. 2010) ("An untimely Rule 59(e) motion does not toll the time for filing an appeal under Rule 4(a)(4)(A). This is true even if the party opposing the motion did not object to the motion's untimeliness and the district court considered the motion on the merits.").

Husband argues that because this Court initially dismissed his appeal on October 11, 2011, and did not reinstate it until October 25, 2011, the latter date should be the date from which the ten-day period for filing a motion to amend commenced. We disagree. On September 20, 2011, defendant elected to file a notice of appeal rather than a motion to amend. By the time this Court mistakenly dismissed his appeal as premature, the time for filling a motion to amend had already run. Although we initially dismissed the appeal, we reinstated it two weeks later, which returned husband to the status quo—he had a timely appeal of the original final divorce order pending. In short, irrespective of the temporary interim dismissal, husband never filed a timely motion to amend, even though he had an opportunity to do so.

4

Husband argues, however, that the trial court decided to consider his motion to amend because of procedural problems caused by the trial court. We find this argument unavailing. At an October 19, 2011 status conference, after this Court temporarily dismissed but before we reinstated husband's appeal of the original final divorce order, the trial court reiterated that it did not want to jeopardize husband's right to appeal because of an error in the trial court docket entries. The trial court correctly assumed that this Court would reinstate the appeal once we reviewed a letter from the trial court clerk explaining what had happened. Accordingly, the trial court stated: "I think we just need to wait and see what the Supreme Court does before we do anything else at this time." The court further noted that if husband's appeal "was filed and accepted that would put all the jurisdiction in the Supreme Court." The court ended the conference by telling the parties that "[o]nce we have a determination from the Supreme Court of where the case is, if it's not going up to the Supreme Court, we'll come back here." Meanwhile, the parties kept filing motions in both the trial court and this Court.

On November 28, 2011, in response to husband's motion, this Court noted the unsettled procedural posture of the case and remanded the matter for a determination of all pending motions. Significantly, we made no determination as to whether husband's motion for reconsideration was timely filed or whether the Court could address the merits of that motion. Rather, we merely allowed the trial court to address the pending motions. On January 3, 2012, the trial court held a hearing on pending motions, including not only husband's motion to reconsider, but also wife's motions to compel and enforce and to uphold a stay. The trial court reiterated what it had stated at the October 19 status conference—that it tried to prevent husband from losing his appeal. The court then stated that "based on the remand from the Supreme Court, we still have jurisdiction over the case . . . and we'll take your motion to reconsider." Husband relies upon this statement to argue that the trial court properly considered the merits of his untimely motion to reconsider.

As noted, however, our remand to consider pending motions made no pronouncement on the timeliness of husband's motion to reconsider or whether the trial court could rule on the merits of the motion. Husband never sought a motion to extend time to file a motion to amend, and the court never granted one. See V.R.C.P. 6(b)(2) (providing that after time period provided by rule has expired, court may extend time period only upon motion showing excusable neglect and only for a period not to exceed twenty additional days with respect to certain motions, including Rule 59 motions). At most, the trial court mistakenly, and perhaps understandably, assumed that our November 28, 2011 entry order allowed the court to consider the merits of husband's untimely motion to amend. We did not, and no extension of time was requested or granted. Accordingly, the motion was untimely, and the only viable appeal before this Court is husband's appeal of the original final divorce order.

We reject, however, wife's argument that this appeal is void and otherwise barred for various reasons. Wife first notes that husband filed a petition for bankruptcy on September 19, 2011, four days after the final divorce order issued and one day before he filed his notice of appeal of that order. She contends that the automatic stay from the bankruptcy petition voided ab initio the appeal filed the next day. It may be that the notice of appeal was ineffective on the date it was filed because of the bankruptcy petition, but husband moved to withdraw the petition on the same day, and in fact the petition was dismissed four days later. Given these circumstances, we may consider the notice of appeal filed prematurely but taking effect when the petition was dismissed. Cf. V.R.A.P. 4(a)(3), (5) (allowing notices of appeal mistakenly filed in Supreme Court and those prematurely filed after decision but before entry of judgment). This is

5

particularly true in this case, where we reinstated the appeal on October 24, 2011, more than a month after the automatic bankruptcy stay was lifted.

We also reject wife's other stated bases for barring the appeal: (1) equity does not allow a remedy contrary to law, as here, where the filing of the appeal during the pendency of the bankruptcy proceeding was contrary to law; (2) equity requires "clean hands," but husband's appeal during the pendency of the bankruptcy proceedings without informing this Court perpetrated a fraud upon the Court; and (3) husband should be equitably estopped from appealing because this Court detrimentally relied upon his filing a notice of appeal while knowing that the appeal was barred by the pending bankruptcy proceedings. Without exploring the nuances of these arguments, we note that husband filed a motion to withdraw his bankruptcy petition on the same day he filed it and the day before he filed the notice of appeal. Wife's arguments are unavailing.

We are left, then, with the original final divorce order, entered on September 15, 2011. That order awarded wife the one-acre lot and mobile home and required her to pay husband $15,000 to equalize the property distribution. Upon review of the transcript of the divorce hearing, we find no basis to overturn the court's property award, which sought to divide as equally as possible the parties' limited marital assets gained during the course of the marriage. "As we have often noted, property division is not an exact science, and the trial court has broad discretion in considering the statutory factors and fashioning an appropriate order." Cabot v. Cabot, 166 Vt. 485, 500 (1997) (quotation omitted). In this case, the trial court explained that the two major assets of the marital estate were the two pieces of real property. Although husband had brought both into the marriage, he acquired the one-acre lot and mobile home shortly before the marriage, and wife made significant contributions to the property during the relatively brief marriage. The court valued the properties based on the limited evidence presented by the parties, and those valuations have support in the record, including husband's testimony. See Kanaan v. Kanaan, 163 Vt. 402, 407 (1995) ("[T]he court's ability to find a proper valuation is limited by the evidence put on by the parties and the credibility of that evidence.").

Our decision on the timeliness of the motion to reconsider the amended final judgment moots all of husband's challenges to the amended order. Although husband timely appealed from the original final order, he has raised no appeal issues with respect to that order. Defendant was aware that plaintiff challenged the timeliness of the motion to reconsider the amended order and, if she were successful, the original final order would be reinstated. Thus, his failure to raise appeal issues with respect to the original final divorce order is a waiver of those issues.

There remains the issue of the trial court's challenged contempt order. Wife filed motions to enforce and for contempt based on husband's failure: (1) to record a mortgage to secure wife's interest in the property; (2) to continue to pay wife's health insurance premiums; and (3) to continue to pay her a share of the rental payments from the one-acre property. Following a hearing, the trial court granted the motions, authorizing wife to obtain a writ of attachment on the one-acre lot in the amount of $35,000 plus interest since the time of the amended order, and to include in the writ the amounts due from the insurance premiums and rental payments as required by the final amended judgment. In challenging the contempt order, husband argues that: (1) the court failed to comply with the procedural requirements of V.R.F.P. 16; (2) wife failed to prove the elements of contempt; (3) the court's finding of contempt failed to meet the requirements of 15 V.S.A. § 603(b) and (e); (4) the court's findings and conclusions

6

did not support the contempt order; (5) the court did not have jurisdiction to hear the contempt action; and (6) the court abused its discretion by authorizing wife to obtain a writ of attachment.

For the most part, the court's contempt order is moot, given our decision vacating the amended final divorce order. Other than the payment of attorney's fees associated with the motion to enforce, which were justified, the sole sanction/remedy provided by the trial court based on its finding of contempt was allowing wife to obtain a writ of attachment on the one-acre parcel that included, in addition to the $35,000 equalizing payment husband owed wife under the amended order, amounts for unpaid health insurance premiums and rental income. In light of our vacation of the amended final divorce order and reinstatement of the original final divorce order awarding the one-acre lot to wife, the writ of attachment is a non-issue. Nothing in the record indicates that wife has successfully obtained a writ of attachment, and even assuming that she has, she is now entitled to the property.

Because the court imposed no contempt sanction beyond allowing wife to obtain a writ of attachment, the only issue is whether during these proceedings the court had the authority to order husband to continue to pay wife's health insurance premiums and a portion of the rental income from the one-acre lot and mobile home. We find no merit to husband's argument that the court had no authority to do so following its issuance of the final amended order.

Husband is correct that his responsibility for paying wife's health insurance premiums and part of the rental income stemmed from temporary orders preceding the original final divorce order. But on September 27, 2011, in response to wife's post-judgment motion to uphold the automatic stay pending appeal, the superior court correctly ruled that although temporary orders are generally terminated upon issuance of a final judgment, the trial court has the authority to make appropriate orders during the appeal period. See Camara v. Camara, 2010 VT 53, ¶ 19 n.*, 188 Vt. 566. Hence, the court granted wife's motion and reinstated husband's obligation to pay her health insurance premiums. Following an October 19, 2011 status conference and a January 3, 2012 motion hearing, husband was ordered to continue to pay wife's health insurance premiums and to provide her with part of the rental income. In its May 31, 2012 decision that was incorporated into the amended final divorce order, the trial court explained that the purpose of the required payments was to encourage husband to make the equalizing property distribution payment forthwith and to compensate wife for the credit-card interest she was paying on the marital debt until she received her equalizing payment.

Whether these payments were considered part of the property award in the amended order, see Potter v. Potter, 170 Vt. 540, 541 (1999) (mem.) (noting that "[i]nstallment payments have long been employed in Vermont" as part of property distribution and that it is reasonable for court to employ methods to preserve status quo and protect marital asset until it can be sold or divided), or a de facto temporary maintenance award, Camara, 2010 VT 53, ¶ 19 n.* (stating that trial court has authority to require maintenance payments during pendency of appeal to prevent serious financial consequence to parties), the trial court had the authority to require husband to continue to make such payments. Given the court's concern over the history of husband's bankruptcy filings and his continuing delay in making the equalizing payment to wife, the trial court acted well within its discretion in requiring the disputed monthly payments.

We recognize that we are vacating the amended final divorce order in which the court required husband to continue the health insurance premium and rental payments until he made the equalizing payment to wife. Nonetheless, the court had required husband in prior post-

7

judgment enforcement orders to make those payments, and the parties' circumstances at the time—with the one-acre lot in husband's name and husband not having made the equalizing payment—justified those orders. Accordingly, on remand, the court may reduce wife's required equalizing payment from the original final divorce order by the amount of unpaid health insurance premium and rental payments.

The amended final divorce order is vacated and the original final divorce order is reinstated, except that the court may offset against wife's required $15,000 equalizing payment the sums husband owes wife due to his failure to abide by the court's orders requiring him to pay her health insurance premiums and a portion of the rental income from the one-acre lot and mobile home.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

8